UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | No. 3:16-CR-86 (VLB) |
| v. | : | |
| **DAVID M. ADAMS,** | : | January 8, 2019 |
| Defendant. | : | |

### ORDER DENYING DEFENDANT'S MOTION TO STAY RESTITUTION

Before the Court is Defendant's Motion to Stay Restitution. Defendant argues that if a stay is not granted, and he prevails on appeal, the transfer of his assets will create significant procedural complications. *See* Dkt. 248. He claims a stay can be granted under terms that will not prejudice the Government's collection efforts. Defendant does not elaborate on either argument. The Government responds that there is no automatic stay of enforcement of a restitution judgment and that Defendant's circumstances present no need for one. For the foregoing reasons, Defendant's Motion to Stay Restitution is DENIED.

Federal Rule of Criminal Procedure 38 provides that a district court may stay, on any terms considered appropriate, any sentence providing for restitution if the defendant appeals. Fed. R. Crim. P. 38(e)(1). The court may also issue "any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including: a restraining order; an injunction; an order requiring the defendant to deposit all or part of any monetary restitution

into the district court's registry; or an order requiring the defendant to post a bond." Fed. R. Crim. P. 38(e)(2).

However, a stay pending appeal "is not a matter of right," and a "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Defendant fails to address any of these factors in his Motion and in so failing has not shown that the circumstances justify an exercise of that discretion.

Where a defendant attempts to articulate circumstances justifying the Court's exercise of discretion, consideration of the following factors is given: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434; *see also United States v. Yalincak*, No. 05CR153 (JBA), 2015 WL 6456537, at *2 (D. Conn. Oct. 26, 2015) (same); *see also United States v. Chan*, No. 3:17-CR-234 (JAM), 2018 WL 3031853, at *5 (D. Conn. June 19, 2018) (same).

The Court is unable to consider whether Defendant is likely to succeed on an appeal of the restitution order because Defendant did not state the basis for his appeal in his Motion. At sentencing, Defendant challenged the Court's decision to include interest and penalties generally in its calculation of tax loss. Defendant did not challenge the inclusion of interest and penalties in the restitution amount. Since Defendant did challenge interest and penalties in one respect, the Court presumes for purposes of this decision that the Second Circuit will nevertheless

allow him to appeal the assessment of interest and penalties in the restitution amount.

To the extent Defendant preserved this issue for appeal, the Court finds that he is unlikely to succeed on the merits. District courts have authority to order restitution to a victim of an offense as a condition of supervised release. 18 U.S.C. §§ 3563(b)(2), 3583(d), 3556. In addition, Section 5E1.1 of the Sentencing Guidelines provides that, "[i]n the case of an identifiable victim, the court shall impose a term of probation or supervised release with a condition requiring *restitution for the full amount of the victim's loss*, if the offense is not an offense for which restitution is authorized under 18 U.S.C. § 3663(a)(1) but otherwise meets the criteria for an order of restitution under that section." U.S.S.G. §5E1.1(a)(2) (emphasis added).

The Court granted the Government's motion and ordered restitution in the amount of $4,872,172.91, inclusive of (1) assessed amounts of $3,375,094.49 and assessed interest and penalties for tax years 2002, 2006-2009 and 2011; (2) delinquent taxes of $878,704 excluding interest and penalties for undeclared income in 2011 and 2012; and (3) accrued interest of $618,374.42 to fully compensate the Government for its loss of tax revenue to operate. The Government must be compensated for the time-value of its money and the inability to put that money to use, particularly given the fact that the Government borrows money and incurs interest to meet its financial obligations. The Government must also be compensated for its decades' long enforcement effort necessitated by Defendant's persistent pattern of obfuscation, dishonesty and refusal to pay the

tax he owed. At sentencing, Defendant offered no legal basis or authority for his challenge to the order to pay interest and penalties. Therefore, the Court finds that Defendant is unlikely to succeed on the merits of his appeal.

Defendant argues that without a stay of restitution, he will face "procedural complications" should he prevail on appeal. He provides no further detail and alleges no irreparable injury. The Court can only divine that Defendant is concerned that the Government will garnish his real property. The Court acknowledges that real property is unique, and under certain circumstances, its loss could potentially lead to irreparable harm. However, none of those circumstances are present here.

The undisputed amount of tax owed to the Government, exclusive of interest and penalties, is $2,641,278.19.[1] The Government seeks to garnish Defendant's vacation home in Mashpee, Massachusetts and certain financial accounts.[2] According to the Fourth Addendum to the Presentence Report, Defendant valued the vacation home at $1,200,000 with a mortgage in the amount of $446,000. *See* Dkt. 214. Defendant's equity in the vacation home is $754,000. *Id.* The Defendant also valued checking and investment accounts at $291,853.58. *Id.* If the Government were to garnish these assets as it plans, it would net $1,045,853.58. Because this is far below the $2,641,278.19 in undisputed tax owed to the

---

[1] At sentencing, counsel for the Defendant stated, "If assessed interest and penalties are excluded as advocated by the defense, the tax loss is 2.6 million." *See* Dkt. 244 (Sentencing Tr.) at 26:1-9.

[2] Defendant has an additional vacation home. It was sold at a foreclosure auction for $1,850,000. The property is encumbered with a mortgage of $1,586,000. Because this property has already been sold, there is no risk that the Government could garnish it and cause irreparable harm to the Defendant. *See* Dkt. 214.

4

**Government, there is no risk of irreparable harm to the Defendant. The Court cannot conceive of any other potential basis for procedural complications or irreparable injury. Therefore, even if Defendant were successful on appeal and interest and penalties were excluded from the Judgment, the Defendant would not have paid the Government any more than it is undisputedly owed.**

**Although defense counsel represented at sentencing that the tax loss exclusive of assessed interest and penalties is $2,641,278.19, he also stated that Defendant owed approximately $1.9 million exclusive of assessed interest and penalties.[3] Defendant did not argue this figure in his briefing or explain its exact calculation at sentencing.[4] However, even if Defendant successfully made this claim on appeal, he still would not be irreparably harmed. As explained above, if the Government garnishes Defendant's vacation home, checking accounts and investment accounts, it will net $1,045,853.58. Because this is still far below the $1.9 million figure Defendant also advocates for, there is no risk of irreparable harm to the Defendant.**

---

[3] At sentencing, defense counsel referenced a chart that he filed and stated, "It shows at the far right an account balance of 3.3 million, roughly. However, if you include the interest and the penalties, there's two columns; they total close to 2.2 million or so. But you have to add on to that amount the amount that is due from 2011 and 2012, which for one year is around 690,000 and then 2012, 186,000. So based on our calculations from the Government figures, not counting if you exclude all interest and penalties, it's about 1.9 million dollars that Mr. Adams owes." *See* Dkt. 244 at 35:18-36:1.

[4] Defense counsel argued that, "If this was not a tax case, if it was, for instance, a Medicare case or a regular fraud case, it would just be the amount of loss, the amount that was taken for instance. So I think my argument is that the enormous amount of penalties and fees that get tagged on when you don't – that get added when you don't pay the IRS, is punished in the 4.8 million that Your Honor understands is restitution – is punishment in [and] of itself different from a regular fraud case but decided under the fraud case." *See* Dkt. 244 at 36:4-12.

5

Defendant also challenged the tax loss and the criminal history category claiming that the criminal conduct pertained to different tax years and occurred over a long period of time. Consequently, he claims his criminal history category is overstated and interest and penalties are only due on certain offenses. As noted in the Government's sentencing memorandum and supplemented by the authority cited by the Court at sentencing, these arguments are not meritorious. Defendant engaged in a persistent and consistent course of dishonest and evasive conduct for decades—all aimed at interfering with the administration of the Internal Revenue Code and the evasion of his tax liability. For this reason, all of the conduct was related and properly considered in determining his criminal history category and the tax loss.

The final two factors, injury to other parties and the public interest, also support denial of Defendant's Motion. The Government would be substantially injured by the issuance of a stay. The Defendant willfully chose to engage in a decades' long scheme to evade his tax obligations requiring the IRS to expend significant time and resources in collection efforts. Defendant cannot further delay payment of his tax liability. The Government and the tax payers are continually harmed by Defendant's refusal to pay his enormous outstanding liability. The Government and the public have a substantial interest in Defendant finally paying what he owes towards the many benefits the Government provides through tax payer dollars.

Finally, to the extent the appeal is successful, the Government is likely to have the financial resources to remit any restitution collected and order it refunded.

For the foregoing reasons, and in the absence of any effort to make either a factual or legal showing that the Court should exercise its discretion to stay the restitution portion of the judgment, the Court declines to exercise its discretion and DENIES Defendant's Motion to Stay Restitution.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: January 8, 2019.