UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES,** | : | |
| | : | No. 3:16-CR-86-VLB |
| v. | : | |
| | : | June 4, 2020 |
| **DAVID M. ADAMS** | : | |
| **Defendant.** | : | |

## RULING AND ORDER ON MOTION TO REDUCE SENTENCE [DKT. 310].

Before the Court is David Adams's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). [Dkt. 310]. Mr. Adams seeks compassionate release based on his risk of contracting COVID-19 while incarcerated at FMC Devens. *Id.* The Government opposes his motion. [Dkt. 312]. Mr. Adams replies. [Dkt. 314]. For the reasons set forth below, the Court denies Mr. Adams's motion.

I. **Background**

David Adams pleaded guilty to six-count indictment charging him with tax evasion and obstructing the collection of taxes. [Dkt. 136]. On November 27, 2018, the Court sentenced Mr. Adams to 90 months of incarceration. [Dkt. 219]. So far, he has been served approximately 18 months.

Mr. Adams is 59 years old. [Dkt. 149 at 3]. He has high blood pressure and takes medication to control it. The CDC has issued guidance on "People who Need Extra Precautions." Centers for Disease Control and Prevention, Coronavirus

Disease 2019 (COVID-19): People Who Need Extra Precautions.[1] Neither people of Adams's age nor people with high blood pressure are included. He is not 65 years or older, and he does not suffer from any of the listed medical conditions that create an increased risk according to the CDC guidelines.

Correctional and detention facilities "present unique challenges for control of COVID-19 among incarcerated/detained persons, staff, and visitors." *Guidance for Correctional and Detention Facilities,* Centers for Disease Control and Prevention: Coronavirus Disease 2019 (COVID-19) (March 23, 2020).[2] In these settings, recommended social distancing and hygiene precautions are more difficult to practice. *Id.* Mr. Adams is currently incarcerated in FMC Devens.

II.   **Legal Standard**

Under the First Step Act of 2018, federal prisoners may petition courts directly for reduction of their sentences, and judges may grant such requests if "extraordinary and compelling reasons" support reduction. *See* First Step Act of 2018, Section 603(b), Pub. L. 115- 391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)) ("First Step Act"). 18 U.S.C. § 3582(c)(1)(A) now authorizes a court to modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.
[2] Available at: https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. (last visited: May 13, 2020).

request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* "The defendant bears the burden of showing that she is entitled to a sentence reduction." *United States v. Gagne*, No. 3:18-CR-242 (VLB), 2020 WL 1640152, at *3 (D. Conn. Apr. 2, 2020)

### III. Analysis

#### A. Exhaustion of Administrative Remedies

Mr. Adams attaches a letter from the Warden at FMC Devens which references his April 7, 2020 request for compassionate release and denies the requested relief. [Dkt. 310-2]. The Court finds that he has satisfied the 30-day exhaustion requirement, and that it has clear authority.

#### B. "Extraordinary and Compelling Reason"

At Congress's direction, the U.S. Sentencing Commission promulgated guidance on the circumstances constituting "extraordinary and compelling" reasons. *See* 28 U.S.C. § 944(t); U.S.S.G. 1B1.13. The U.S. Sentencing Commission has not updated its guidance since the enactment of the First Step Act. *See* U.S.S.G. 1B1.1 (Nov. 1, 2018). The Application Notes to U.S.S.G. § 1B1.13 explain that a defendant's medical condition may constitute "extraordinary and compelling" circumstances when:

> **(A) Medical Condition of the Defendant.--**
>
>> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **[or]**
>
>> **(ii)** The defendant is--
>>
>>> **(I)** suffering from a serious physical or medical condition,
>>>
>>> **(II)** suffering from a serious functional or cognitive impairment, or
>>>
>>> **(III)** experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13, Commentary Application Note 1(A). Any "other" "extraordinary and compelling reason" may also justify relief. *Id.* at Commentary Application Note 1(D).

The Court finds that Mr. Adams has not provided an extraordinary or compelling reason, as neither his medical conditions nor his age increases his risk from COVID-19. While Mr. Adams has high blood pressure, the CDC has stated that it believes high blood pressure, though correlated with other underlying health conditions that engender vulnerability to COVID-19, does not itself cause vulnerability to COVID-19:

> At this time, we do not think that people with high blood pressure and no other underlying health conditions are more likely than others to get severely ill from COVID-19. Although many people who have gotten severely ill from COVID-19 have high blood pressure, they are often older or have other medical conditions like obesity, diabetes, and

> serious heart conditions that place them at higher risk of severe illness from COVID-19.

*CDC, Frequently Asked Questions, COVID-19 and Hypertension.*[3]

The fact that Mr. Adams does not have a condition that makes him especially vulnerable under CDC risk factors distinguishes him from the defendants in the cases he cites. *See United States v. Jepsen*, No. 3:19-cr-73 (VLB) (Dkt. 41, Apr. 1, 2020) (granting compassionate release where defendant had three CDC risk factors, government did not object to motion, and defendant had less than 2 months left to serve); *United States v. Brickhouse*, No. 3:16-cr-114-2 (VAB) (Dkt. 470, May 14, 2020) (granting compassionate release where defendant severely obese, prediabetic, had three bouts of acute respiratory infections, treated twice for pneumonia, in addition to having stage 2 hypertension); *United State v. Delgado*, No. 3:18-cr-17 (VAB), 2020 WL 2464685, *3 (D. Conn. Apr. 30, 2020) (granting compassionate release where defendant severely obese, suffering from sleep apnea and psoriasis); *United States v McCarthy*, No. 3:17-cr-230 (JCH), 2020 WL 1698732, *5 (D. Conn. Apr. 8, 2020) (granting compassionate release where 65-year-old defendant suffered from COPD, asthma and other lung-related ailments); *United States v. Colvin*, No. 3:19-cr-179 (JBA) (Dkt. 38, Apr. 2, 2020) (granting compassionate release where defendant suffering from diabetes and high blood pressure and had 11 days left to serve); *United States v. Echevarria*, 3:17-cr-44 (MPS) (Dkt. 1616, Jun. 4, 2020) (granting compassionate release where defendant suffering from chronic and worsening respiratory disease (asthma), government

---

[3] Available at: https://www.cdc.gov/coronavirus/2019-ncov/faq.html#COVID-19-and-Hypertension

did not oppose motion); *United States v. Norris*, No. 3:17-cr-106 (Dkt. 243, Apr. 16, 2020) (granting compassionate release where defendant suffering from asthma, neither government nor victims opposed release); *see also United States v. Smith*, No. 12-cr-122 (JFK), 2020 WL 1849748, at *1, *4 (S.D.N.Y. Apr. 13, 2020) (granting compassionate release where 62-year-old defendant suffering from asthma, blood clots, a thyroid condition, high cholesterol, and suspected multiple myeloma (cancer of the bone marrow), government did not contest that extraordinary and compelling reasons exist for immediate release, and defendant scheduled for release in 7 months after having served over 98 months of his 120-month sentence); *United States v. Zukerman*, No. 16-cr-194 (AT), 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (modifying sentence such that defendant's remaining term of imprisonment replaced by an equal period of home incarceration where defendant was 75-years old, suffering from diabetes, obesity and hypertension); *United States v. Daugerdas*, No. 09-cr-581, 2020 WL 2097653 at *3 (S.D.N.Y. May 12, 2020) (finding "extraordinary and compelling reasons" based on defendant's obesity, Type 2 diabetes, hypertension and high cholesterol, but denying release based on consideration of the 3553(a) factors in light of the fact ath defendant had only served 37% of his sentence for his decade-long criminal tax shelter fraud scheme).

In his reply, Mr. Adams also argues that the Court should consider him about 10 years physiologically older than he is, consistent with Dr. Goldenson's general statement about incarcerated individuals:

> [I]t is well-accepted within the medical community that, due to the burden of chronic illnesses and other persistent health challenges of

> many of those housed in correctional facilities, incarcerated individuals are physiologically 10 years older than their chronological age. Because physiological age is more relevant when evaluating risk of complications from COVID-19, even younger incarcerated individuals could be at heightened risk of severe complications.

[Dkt. 310-3 (Goldenson Aff.) ¶ 24]. But, as just discussed, Mr. Adams has not shown that the specific cause of the physiological aging effect that Dr. Goldenson identifies – "the burden of chronic illnesses and other persistent health challenges" – is present in his case. Therefore, the Court considers Mr. Adams to be 59 for the purposes of this motion, several years younger than 65, the youngest age the CDC identifies to be at high risk from COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk.[4]

Finally, Mr. Adams has shown neither that FMC Devens is taking inadequate precautions against the spread of the virus nor that it is providing inadequate care to infected inmates. The Court recognizes that at FMC Devens, 50 inmates and 4 staff have tested positive for COVID-19, of whom 1 inmate has passed away and 3 individuals have recovered. *Covid-19 Coronavirus*, Bureau of Prisons (June 3, 2020).[5] However, FMC Devens is also taking numerous precautions to prevent the spread of the coronavirus and to care for those who have contracted it. *See* [Dkt. 311-1 (Ex. GX 2: Apr. 22, 2020 Shaw Aff.)] (detailing measures taken by Bureau of Prisons and FMC Devens); *see also Grinis v. Spaulding*, No. CV 20-10738-GAO,

---

[4] Available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.
[5] Available at: https://www.bop.gov/coronavirus/

2020 WL 2300313, at *3 (D. Mass. May 8, 2020) (finding inmate plaintiffs had not demonstrated the likelihood of success of the argument that FMC Devens staff "have been actionably deliberately indifferent to the health risks of inmates.").

Therefore, the Court finds that Mr. Adams has not provided an extraordinary or compelling reason for release. He has not demonstrated that he is at greater risk of experiencing serious complications if he contracts COVID-19 than other inmates. He has not demonstrated that FMC Devens's response is inadequate. The simple risk of the coronavirus pandemic in an institutional environment is not an extraordinary or compelling reason warranting release. *See United States v. Gamble*, No. 3:18-CR-0022-4(VLB), 2020 WL 1955338, at *5 (D. Conn. Apr. 23, 2020) (denying motion for compassionate release to inmate at a facility with confirmed COVID-19 cases among prisoners and staff); *United States v. Hull*, No. 3:17-CR-132 (SRU), 2020 WL 2475639, at *3 (D. Conn. May 13, 2020) (same).

C. <u>18 U.S.C. § 3553(a) factors</u>

Because Mr. Adams has not demonstrated "extraordinary and compelling" reasons for a reduction of sentence, the Court only briefly addresses the § 3553(a) sentencing factors.

Mr. Adams faced a statutory maximum of 22 years of imprisonment, *see* 26 U.S.C. §§ 7201 and 7212(a), and an advisory guideline range of 79 to 97 months. [Dkt. 149 ¶188]. The guideline sentence imposed reflects Mr. Adams's commission of a $4.2 million tax fraud over fifteen years, an offense which involved thousands of acts of deception, putting his personal accountant at professional risk, obstructing collection efforts by four separate IRS revenue officers, and, ultimately,

efforts to mislead the Court and Probation Office. *See, e.g.,* [Dkt. 149 (Dec. 15, 2017 Presentence Investigation Report) ¶¶ 7-138]; [Dkt. 158 (Feb. 22, 2018 Presentence Investigation Report Suppl.)]. Mr. Adams has been in prison for just under 18 months, less than twenty percent of his sentence. A sentence of time served or home confinement would not reflect the seriousness of the offense or foster respect for the law.

IV. Conclusion

For the reasons given, the Court denies Mr. Adams's motion for compassionate release. *See* Fed. R. Crim. P. 37(a)(2).

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: June 4, 2020