UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : : : | No. 3:16-CR-86 (VLB) |
| Plaintiff, | : : |  |
| v. | : : | August 12, 2020 |
| **DAVID M. ADAMS,** | : : |  |
| Defendant. | : |  |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION [ECF No. 317]

Because tax offenses are not included in 18 U.S.C. § 3663(a) or 18 U.S.C. § 3663A, the Court does not have authority to order restitution for tax offenses as a stand-alone part of a sentence. *See United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998). It only has authority to impose restitution for tax offenses as a discretionary condition of supervised release or probation. 18 U.S.C. § 3563(b)(2) (probation); 18 U.S.C. §3583(d) (supervised release).

Nonetheless, restitution imposed as a condition of supervised release for tax offenses is still subject to the statutory direction that "[a] person sentenced to pay a fine, or other monetary penalty, shall make such payment *immediately*, unless, in the interest of justice the court provides for payment on a date certain or in installments." *See* 18 U.S.C. § 3583(d) (permitted supervised release conditions), *incorporating by reference* 18 U.S.C. § 3563(b) (permitted probation conditions), *incorporating by reference* 18 U.S.C. § 3556 (order of restitution), *incorporating by reference* 18 U.S.C. 3664(f) (procedures for restitution),

*incorporating by reference* 18 U.S.C. § 3572(d)(1) (emphasis added). This language, if taken alone, suggests that courts are authorized to direct people sentenced to pay restitution as part of their supervised release terms to make payment of restitution while incarcerated. Immediate payment respects the time-value of money and avoids the possibility that a person will dissipate funds during their incarceration.

But courts of appeals have uniformly found that restitution for tax offenses must be ordered to start upon release and not before because "a restitution award due prior to the commencement of a term of supervised release is a component of the sentence, not a condition of supervised release."  *United States v. Bolton*, 908 F.3d 75, 98 (5th Cir. 2018)*, cert. denied,* 140 S. Ct. 47 (2019), *cited by United States v. Adams*, 955 F.3d 238, 251 (2d Cir. 2020); *see also United States v. Hassebrock*, 663 F.3d 906, 925 (7th Cir. 2011)  (the district court does not "have the authority to require immediate payment when imposing restitution as a condition of supervised release);  *United States v. Dean*, 64 F.3d 660 (4th Cir. 1995) (ordering restitution to begin "immediately" suggested that district court impermissibly imposed restitution independent of supervised release or probation).

Here, the Second Circuit Court of Appeals has modified Mr. Adams's judgment "to provide that restitution is only a condition of supervised release and is not due until Adams commences his term of supervised release." *See* [ECF No. 318 (Mandate)]. Therefore, the Court grants Mr. Adams' motion to vacate the orders of garnishment and return his property. The Court vacates the orders of garnishment issued in this case. [ECF Nos. 267, 274]. The Court directs the Clerk

to return to Mr. Adams any of his property or funds which are now in the Clerk's possession within 21 days, to the extent allowed by law. The Court notes that this order does not affect the Government's right to enforce any back taxes, interest, and civil penalties Adams may owe to the IRS, including through the IRS's issuance of an administrative levy to the Clerk of the Court.

Finally, because the Second Circuit modified the judgment and affirmed as modified, there is no need for this Court to issue an amended judgment, and the Court denies Mr. Adams's motion for this Court to do so.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 12, 2020